## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EMILEE RAMSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-CV-01569-MHC |
| (1) GEORGY SIMEON in his individual capacity; | ) ) | |
| (2) THE CITY OF ATLANTA; | ) | |
| (3) FULTON COUNTY SHERIFF | ) | |
| THEODORE JACKSON in his | ) | JURY TRIAL DEMANDED |
| individual capacity; | ) | |
| (4) COLONEL MARK ADGER in his | ) | |
| individual capacity; | ) | |
| (5) JOHN/JANE DOES 1-10 in their | ) | |
| Individual capacities | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT OFFICER SIMEON'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant Officer Georgy Simeon (hereinafter "Defendant")

and responds to Plaintiff's First Amended Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted by

this Court.

## SECOND DEFENSE

Defendant asserts no actions were taken to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD DEFENSE

At all times relevant to the Plaintiff's in this case, the actions of Defendant were taken in good faith and said actions were reasonable, proper and necessary under the circumstances.

## FOURTH DEFENSE

At all times relevant to the Complaint in this case, the actions of Defendant were taken in the good faith exercise of its duties and responsibilities as imposed by law.

## FIFTH DEFENSE

The Defendant is entitled to official and/or qualified immunity.

## SIXTH DEFENSE

Plaintiff's claims fail due to an intervening cause.

## SEVENTH DEFENSE

Plaintiff's claims fail for lack of causation.

## EIGHTH DEFENSE

Plaintiff's claims fail for lack of proximate cause.

## NINTH DEFENSE

Any alleged injuries or damages sustained by Plaintiff were the result of an act or omission of other persons or entities over whom the Defendant has no control or responsibility and, therefore, Plaintiff is not entitled to recover.

## TENTH DEFENSE

Fault must be assessed against any non-parties responsible for any of Plaintiff's damages pursuant to, inter alia, O.C.G.A. § 51-12-33.

## ELEVENTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, the Defendant state that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. § 9-11-8(c), or any one of them.

## TWELFTH DEFENSE

As discovery has not yet begun, the Defendant reserves the right to amend this Answer to assert additional affirmative defenses and to supplement, alter or change the Answer and Defenses upon revelation of more definitive facts, and upon the undertaking of discovery and investigation in this matter. Defenses asserted herein are based upon initial theories of defense counsel.  Defendant further specifically

reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

The Defendant's response to each and every allegation of Plaintiff's Complaint are as follows:

## NATURE OF ACTION

### 1.

Defendant is without sufficient knowledge to either admit or deny Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies same.

## JURISDICTION AND VENUE

### 2.

Defendant admits Paragraph 2 of First Amended Complaint.

### 3.

Defendant is without sufficient knowledge to admit that one or more of the parties to this action reside herein and therefore denies same in Paragraph 3 of Plaintiff's First Amended Complaint. Defendant admits the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

## PARTIES

4.

Defendant is without sufficient knowledge to either admit or deny Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies same.

5.

Defendant admits Paragraph 5 of Plaintiff's First Amended Complaint.

6.

Paragraph 6 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.

Omitted.

8.

Paragraph 8 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint

9.

Paragraph 9 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

## **FACTS**

11. [sic]

Defendant denies Paragraph 11 of Plaintiff's First Amended Complaint, as alleged.

12.

Defendant admits Paragraph 12 of Plaintiff's First Amended Complaint as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

13.

Defendant denies Paragraph 13 of Plaintiff's First Amended Complaint, as alleged.

14.

Defendant admits Paragraph 14 of Plaintiff's First Amended Complaint. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

15.

Defendant denies Paragraph 15 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

16.

Defendant denies Paragraph 16 of Plaintiff's  First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself

17.

Defendant denies Paragraph 17 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

18.

Defendant denies Paragraph 18 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

19.

Defendant admits Paragraph 19 of Plaintiff's First Amended Complaint. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

20.

Defendant admits Paragraph 20 of Plaintiff's First Amended Complaint. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

21.

Defendant denies Paragraph 21 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

22.

Defendant denies Paragraph 22 of Plaintiff's First Amended Complaint as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

23.

Defendant denies Paragraph 23 Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

24.

Defendant admits Paragraph 24 of Plaintiff's First Amended Complaint. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

25.

Defendant denies Paragraph 25 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

26.

Defendant denies Paragraph 26 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

27.

Defendant denies Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies same.

28.

Defendant denies Paragraph 28 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

29.

Defendant denies Paragraph 29 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

30.

Defendant denies Paragraph 30 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

31.

Defendant denies Paragraph 31 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

32.

Defendant admits Paragraph 32 of Plaintiff's First Amended Complaint, as alleged. Further, Defendant states the Bodycam Footage ("Bodycam"), is a video that speaks for itself.

33.

Defendant denies Paragraph 33 of Plaintiff's First Amended Complaint, as alleged.

34.

Defendant is without sufficient knowledge to either admit or deny Paragraph 34 of Plaintiff's Complaint and therefore denies same.

35.

Defendant denies Paragraph 35 of Plaintiff's First Amended Complaint, as alleged.

36.

Defendant denies Paragraph 36 of Plaintiff's First Amended Complaint, as alleged.

37.

Defendant is without sufficient knowledge to either admit or deny Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies same.

38.

Defendant is without sufficient knowledge to either admit or deny Paragraph 38 of Plaintiff's First Amended Complaint and therefore denies same.

39.

Defendant is without sufficient knowledge to either admit or deny Paragraph 39 of Plaintiff's First Amended Complaint and therefore denies same.

## COUNT ONE
## BREACH OF DUTY UNDER GEORGIA LAW
(Against Simeon and Atlanta)

40.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 39 above, as if fully restated verbatim herein.

41.

Defendant denies Paragraph 41 of Plaintiff's First Amended Complaint, as alleged.

42.

Defendant denies Paragraph 42 of Plaintiff's First Amended Complaint.

43.

Defendant denies Paragraph 43 of Plaintiff's First Amended Complaint.

44.

Defendant denies Paragraph 44 of Plaintiff's First Amended Complaint.

45.

Defendant denies Paragraph 45 of Plaintiff's First Amended Complaint.

## COUNT TWO
## FALSE ARREST UNDER GEORGIA LAW
(Against Simeon and Atlanta)

46.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 45 above, as if fully restated verbatim herein.

47.

O.C.G.A. § 51-7-1 and O.C.G.A. § 51-7-4 speak for themselves. To the extent

Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph

47 of Plaintiff's First Amended Complaint, those statements are denied.

48.

Defendant denies Paragraph 48 of Plaintiff's First Amended Complaint, as

alleged.

49.

Defendant denies Paragraph 49 of Plaintiff's First Amended Complaint, as

alleged.

## COUNT THREE
## 42 U.S.C.§ 1983 -EQUAL PROTECTION VIOLATION
(Against Simeon and Atlanta)

50.

Defendant realleges and incorporates by reference its responses set forth in

Paragraphs 1 through 49 above, as if fully restated verbatim herein.

51.

Defendant admits Paragraph 51 of Plaintiff's First Amended Complaint and

furthermore states that it is an accurate statement of the law. To the extent Plaintiff

seeks to impose or imply liability by asserting the statements in Paragraph 51 of Plaintiff's First Amended Complaint, those statements are denied.

52.

Defendant denies Paragraph 52 of Plaintiff's First Amended Complaint.

53.

Defendant denies Paragraph 53 of Plaintiff's First Amended Complaint.

54.

Defendant denies Paragraph 54 of Plaintiff's First Amended Complaint.

**COUNT FOUR**
**42 U.S.C. § 1983-EXCESSIVE FORCE**
(Against Simeon)

55.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 54 above, as if fully restated verbatim herein.

56.

Defendant denies Paragraph 56 of Plaintiff's First Amended Complaint.

57.

Defendant denies Paragraph 57 of Plaintiff's First Amended Complaint.

## COUNT FIVE
## BATTERY UNDER STATE LAW
(Against Simeon)

58.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 57 above, as if fully restated verbatim herein.

59.

Defendant denies Paragraph 59 of Plaintiff's First Amended Complaint.

60.

Defendant denies Paragraph 60 of Plaintiff's First Amended Complaint.

61.

Defendant denies Paragraph 61 of Plaintiff's First Amended Complaint.

## COUNT SIX AND SEVEN
## MALICIOUS PROSECUTION UNDER STATE LAW AND 42 U.S.C. § 1983
(Against Simeon)

62.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 61 above, as if fully restated verbatim herein.

63.

Defendant denies Paragraph 63 of Plaintiff's First Amended Complaint.

64.

Defendant denies Paragraph 64 of Plaintiff's First Amended Complaint.

## COUNT EIGHT AND NINE
## FALSE IMPRISONMENT UNDER STATE LAW AND UNLAWFUL DETENTION UNDER 42 U.S.C. § 1983
(Against Simeon, Atlanta, John/Jane Does 1-10, Jackson and Adger)

65.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 64 above, as if fully restated verbatim herein.

66.

Defendant denies Paragraph 66 of Plaintiff's First Amended Complaint.

67.

Defendant denies Paragraph 67 of Plaintiff's First Amended Complaint.

68.

Defendant denies Paragraph 68 of Plaintiff's First Amended Complaint.

69.

Paragraph 69 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70.

Defendant denies Paragraph 70 of Plaintiff's First Amended Complaint.

71.

Defendant is without sufficient knowledge to either admit or deny Paragraph 71 of Plaintiff's First Amended Complaint and therefore denies same.

72.

Defendant is without sufficient knowledge to either admit or deny Paragraph 72 of Plaintiff's First Amended Complaint and therefore denies same.

73.

Defendant is without sufficient knowledge to either admit or deny Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies same.

74.

Defendant is without sufficient knowledge to either admit or deny Paragraph 74 of Plaintiff's First Amended Complaint and therefore denies same.

75.

Defendant is without sufficient knowledge to either admit or deny Paragraph 75 of Plaintiff's First Amended Complaint and therefore denies same.

76.

Defendant is without sufficient knowledge to either admit or deny Paragraph 76 of Plaintiff's First Amended Complaint and therefore denies same.

77.

Defendant is without sufficient knowledge to either admit or deny Paragraph 77 of Plaintiff's First Amended Complaint and therefore denies same.

78.

Defendant is without sufficient knowledge to either admit or deny Paragraph 78 of Plaintiff's First Amended Complaint and therefore denies same.

79.

Defendant is without sufficient knowledge to either admit or deny Paragraph 79 of Plaintiff's First Amended Complaint and therefore denies same.

80.

Defendant is without sufficient knowledge to either admit or deny Paragraph 80 of Plaintiff's First Amended Complaint and therefore denies same.

81.

Defendant is without sufficient knowledge to either admit or deny Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies same.

82.

Paragraph 82 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83.

Paragraph 83 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.

Defendant is without sufficient knowledge to either admit or deny Paragraph 84 of Plaintiff's First Amended Complaint and therefore denies same.

85.

Defendant denies Paragraph 85 of Plaintiff's First Amended Complaint.

86.

Paragraph 86 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required.

To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87.

Defendant is without sufficient knowledge to either admit or deny Paragraph 87 of Plaintiff's First Amended Complaint and therefore denies same.

88.

Defendant is without sufficient knowledge to either admit or deny Paragraph 88 of Plaintiff's First Amended Complaint and therefore denies same.

89.

Defendant is without sufficient knowledge to either admit or deny Paragraph 89 of Plaintiff's First Amended Complaint and therefore denies same.

90.

Paragraph 90 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint.

91.

Paragraph 91 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required.

To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint.

## COUNT TEN
## BREACH OF DUTY UNDER GEORGIA LAW
(Against John/Jane Does 1-10, Jackson, and Adger)
92.

Defendant realleges and incorporates by reference its responses set forth in Paragraphs 1 through 91 above, as if fully restated verbatim herein.

93.

Paragraph 93 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint.

94.

Defendant denies Paragraph 94 of Plaintiff's First Amended Complaint.

95.

Defendant denies Paragraph 95 of Plaintiff's First Amended Complaint.

96.

Paragraph 96 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required.

To the extent that a response is deemed required, Defendant denies the allegations

contained in Paragraph 96 of Plaintiff's First Amended Complaint.

## DAMAGES

97.

Defendant denies Paragraph 97 of Plaintiff's First Amended Complaint.

98.

Defendant denies Paragraph 98 of Plaintiff's First Amended Complaint.

99.

Defendant denies Paragraph 99 of Plaintiff's First Amended Complaint.

100.

Defendant denies Paragraph 100 of Plaintiff's First Amended Complaint.

## PUNITIVE DAMAGES

101.

Defendant denies Paragraph 101 of Plaintiff's First Amended Complaint.

## ATTORNEYS' FEES AND LITIGATION EXPENSES UNDER STATE LAW

102.

Defendant denies Paragraph 102 of Plaintiff's First Amended Complaint.

## DEMAND FOR JURY TRIAL

103.

Paragraph 103 of Plaintiff's First Amended Complaint contains no factual allegations against Defendant; therefore, no response by the Defendant is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

No response is required to Plaintiff's prayer for relief; however, Defendant denies that Plaintiff is entitled to such relief. In addition, every other allegation and heading contained in Plaintiff's First Amended Complaint and subparagraph or subpart, whether numbered or unnumbered, is specifically denied.

**WHEREFORE,** Defendant Officer Simeon prays as follows:

a.  That this Court dismiss Plaintiff's First Amended Complaint because the Defendant is entitled to qualified and/or official immunity;

b.  That this Court deny Plaintiff any compensation for damages allegedly suffered as a result of purported acts or omissions of Defendant;

c.  That this Court deny Plaintiff any attorneys' fees and other costs incurred as a result of this litigation;

d.  That this Court awards Defendant Officer Simeon all reasonable

attorneys' fees and costs;

e.  That this Court awards Defendant Officer Simeon such other and further

relief as this Court deems just and equitable; and

f.  That this matter be tried before a jury of twelve (12) people.

This 4th day of August 2020.

NINA R. HICKSON
CITY ATTORNEY
CITY OF ATLANTA
Georgia Bar No.: 351790
*(Please direct all pleadings and correspondence to the*
*attention of the attorneys listed below.)*


BY:    /s/ *Kareemah Lewis*
        **KAREEMAH LEWIS**
        **Assistant City Attorney II**
        Georgia Bar No. 988037
        (404) 330-6318 *direct dial*
        karlewis@atlantaga.gov

        **REGINALD MARTIN**
        **Senior City Attorney II**
        Georgia Bar No. 473277
        (404) 546-4170 *direct dial*
        remartin@atlantaga.gov

        **Attorneys for Defendant City of Atlanta**

**City of Atlanta Law Department**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(404) 546-4100 *main*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EMILEE RAMSIER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-CV-01569-MHC |
|   (1) GEORGY SIMEON in his individual | ) | |
| capacity; | ) | |
|   (2) THE CITY OF ATLANTA; | ) | |
|   (3) FULTON COUNTY SHERIFF | ) | |
|   THEODORE JACKSON in his | ) | JURY TRIAL DEMANDED |
|     individual capacity; | ) | |
|   (4) COLONEL MARK ADGER in his | ) | |
|     individual capacity; | ) | |
|   (5) JOHN/JANE DOES 1-10 in their | ) | |
|   Individual capacities | ) | |
| | ) | |
|   Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF FONT</u>

I hereby certify that the foregoing **DEFENDANT CITY OF ATLANTA'S**

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was

prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C.

By:   <u>/s/ *Kareemah Lewis*</u>
       **KAREEMAH LEWIS**
       **Assistant City Attorney II**
       Georgia Bar No. 988037
       (404) 330-6318 *direct dial*
       karlewis@atlantaga.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| EMILEE RAMSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-CV-01569-MHC |
| (1) GEORGY SIMEON in his individual | ) | |
| capacity; | ) | |
| (2) THE CITY OF ATLANTA; | ) | |
| (3) FULTON COUNTY SHERIFF | ) | |
| THEODORE JACKSON in his | ) | JURY TRIAL DEMANDED |
| individual capacity; | ) | |
| (4) COLONEL MARK ADGER in his | ) | |
| individual capacity; | ) | |
| (5) JOHN/JANE DOES 1-10 in their | ) | |
| Individual capacities | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day I have served the foregoing **DEFENDANT**

**OFFICER SIMEON'S ANSWER TO PLAINTIFF'S FIRST AMENDED**

**COMPLAINT** upon all parties of record via the *CM/ECF* system.

This 4th day of August 2020.

BY:    /s/ *Kareemah Lewis*
**KAREEMAH LEWIS**
**Assistant City Attorney II**
Georgia Bar No. 988037

(404) 330-6318 *direct dial*
karlewis@atlantaga.gov

**City of Atlanta Law Department**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(404) 546-4100 *main*